RONALD J. TENPAS
  Assistant Attorney General
  Environment and Natural Resources Division
  United States Department of Justice
DAVID B. GLAZER (D.C. 400966; MD)
  Natural Resources Section
  Environment and Natural Resources Division
  United States Department of Justice
  301 Howard Street, Suite 1050
  San Francisco, California  94105
  Telephone:  (415) 744-6491
  Facsimile:  (415) 744-6476
  E-mail:  david.glazer@usdoj.gov

Attorneys for the Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SIERRA CLUB, WILDEARTH GUARDIANS, and ROCKY MOUNTAIN CLEAN AIR ACTION, | No. C-08-0850 VRW |
| Plaintiffs, | ANSWER TO THE COMPLAINT |
| v. | |
| U.S. DEPARTMENT OF THE INTERIOR and DIRK KEMPTHORNE, | |
| Defendants | Hon. Vaughn R. Walker |

*Sierra Club, et al. v. U.S. Dep't of the Interior, et al.*, No. C-08-0850 VRW
Answer to Complaint

Defendants United States Department of the Interior and Dirk Kempthorne submit this Answer to Plaintiffs' Complaint. The numbered paragraphs in Defendants' Answer correspond to the numbered paragraphs in the Plaintiffs' Complaint.

## INTRODUCTION

1. The first sentence of Paragraph 1 of the Complaint characterizes the nature of plaintiffs' claims and requires no response. The second and third sentences of Paragraph 1 consist of legal conclusions and require no response.

2. Paragraph 2 of the Complaint characterizes the nature of plaintiffs' claims and requires no response; to the extent that a response is required, the Defendants deny the allegations of Paragraph 2.

3. Defendants deny the allegations of Paragraph 3 of the Complaint.

## JURISDICTION

4. Paragraph 4 of the Complaint characterizes the nature of Plaintiffs' claims and otherwise consists of legal conclusions to which no response is necessary; to the extent that a response is required, the Defendants admit that this Court would otherwise have jurisdiction over this action pursuant to 28 U.S.C. § 1331, but denies that this action comes within the Court's jurisdiction under Article III of the U.S. Constitution. The Defendants deny that the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–706, creates subject matter jurisdiction and further deny that Plaintiffs are entitled to relief under 5 U.S.C. §§ 701–706, or 28 U.S.C. §§ 2201–2202.

5. Paragraph 5 of the Complaint consists of legal conclusions to which no response is necessary; to the extent that a response is required, the Defendants deny the allegations of Paragraph 5.

## VENUE

6. Paragraph 6 of the Complaint consists of legal conclusions to which no response is necessary; to the extent that a response is required, the Defendants lack information sufficient for them to either admit or deny the allegations of Paragraph 6. Defendants deny that 28 U.S.C. § 1361 provides for venue in this or any other district.

PARTIES

7. Defendants lack information sufficient for them to either admit or deny the allegations of Paragraph 7 of the Complaint.

8. Defendants lack information sufficient for them to either admit or deny the allegations of Paragraph 8 of the Complaint.

9. Defendants lack information sufficient for them to either admit or deny the allegations of Paragraph 9 of the Complaint.

10. Defendants lack information sufficient for them to either admit or deny the allegations of Paragraph 10 of the Complaint.

11. Defendants lack information sufficient for them to either admit or deny the allegations of Paragraph 11 of the Complaint.

12. Defendants lack information sufficient for them to either admit or deny the allegations of Paragraph 12 of the Complaint.

13. Defendants lack information sufficient for them to either admit or deny the allegations of Paragraph 13 of the Complaint.

14. Defendants lack information sufficient for them to either admit or deny the allegations of Paragraph 14 of the Complaint.

15. Defendants deny the allegations of Paragraph 15 of the Complaint.

16. Defendants lack information sufficient for them to either admit or deny the allegations of the first two sentences of Paragraph 16 of the Complaint.  Defendants deny the allegations of the third and fourth sentences of Paragraph 16.

17. Defendants admit the allegations of the first sentence of Paragraph 17 of the Complaint.  The second and third sentences of Paragraph 17 state legal conclusions to which no response is required.

18. Defendants admit that Dirk Kempthorne is currently the Secretary of the Interior.  The remainder of the first sentence of Paragraph 18 of the Complaint states a legal conclusion to which no response is required.  The second sentence of Paragraph 18 states a legal conclusion to

1  which no response is required; to the extent that a further response is required, Defendants deny
2  that they have caused any harm alleged.

## LEGAL AND FACTUAL BACKGROUND

4   19.   Defendants admit the allegations of the first two sentences of Paragraph 19 of the Complaint, except that Defendants lack information sufficient for them to admit or deny the allegation that water "completely" permeates coal beds in all cases.  Defendants admit the allegations of the third sentence of Paragraph 19, except that Defendants deny that water must be completely pumped from a coal seam before methane may be extracted.

9   20.   Defendants admit the first three sentences of Paragraph 20 of the Complaint, except that Defendants lack information sufficient for them to admit or deny that the technique described is employed as described in all cases.  Defendants at the present time lack information sufficient for them to either admit or deny the allegations of the fourth sentence of Paragraph 20.

13   21.   Defendants deny the allegations of the first sentence of Paragraph 21 of the Complaint, but aver that the extraction of coal bed methane may in some cases have impacts on the environment.  Defendants admit that produced water may contain dissolved solids or hydraulic fluid, or both, but at the present time Defendants lack information sufficient for them to either admit or deny the remaining allegations of the second sentence of Paragraph 21.  Defendants admit that, in some cases, produced water may be discharged to surface water and lands, which may have impacts on the environment and wildlife, but at the present time Defendants lack information sufficient for them to either admit or deny the remaining allegations of the third sentence of Paragraph 21.  As to the fourth sentence of Paragraph 21, Defendants admit that many coal formations may hold large quantities of ground water and that ground water contained in coal formations may occasionally be used for irrigation purposes, but deny that ground water contained in coal formations is an important source of drinking water.  Defendants admit that produced water that is not reinjected into the coal bed formation may reduce ground water, but otherwise lack information sufficient for them to either admit or deny the allegations of the fifth sentence of Paragraph 21.

28

22.   Defendants admit the allegations of Paragraph 22 of the Complaint.

23.   Paragraph 23 of the Complaint consists of legal conclusions and statutory quotations to which no response is required; to the extent that a further response is required, Defendants admit that the quotation from the statutory provisions cited appears to be accurate.

24.   Defendants admit that Cong. Waxman wrote the letter referred to in Paragraph 24 of the Complaint; the remaining allegations of Paragraph 24 characterize that document, which speaks for itself.

25.   Paragraph 25 of the Complaint consists of quotations from congressional correspondence to which no response is required; to the extent that a further response is required, Defendants admit that the letter cited contains in substance the language quoted.

26.   Paragraph 26 of the Complaint consists of quotations from congressional correspondence to which no response is required; to the extent that a further response is required, Defendants admit that the letter cited contains in substance the language quoted.

## ANSWER TO CLAIMS FOR RELIEF

27.   Defendants incorporate by reference their answers to the allegations of Paragraphs 1 through 26 of the Complaint as incorporated by reference in Paragraph 27.

28.   Paragraph 28 of the Complaint consists of legal conclusions to which no response is required.

29.   Paragraph 29 of the Complaint consists of legal conclusions to which no response is required.

30.   Paragraph 30 of the Complaint consists of legal conclusions to which no response is required.

31.   Paragraph 31 of the Complaint consists of legal conclusions to which no response is required.

32.   Defendants admit the first sentence of Paragraph 32 of the Complaint. Defendants deny the allegations of second sentence of Paragraph 32 and aver that Defendants have entered into an agreement with the National Academy of Sciences to commence work on the

1  coal bed methane analysis. Defendants admit the third sentence of Paragraph 32.

2      33.    Paragraph 33 of the Complaint consists of legal conclusions to which no response is required; to the extent Paragraph 33 contains factual allegations, those allegations are denied.

## ANSWER TO PRAYER FOR RELIEF

The remaining paragraphs of the Complaint contain plaintiffs' request for relief and do not require a response; to the extent that a response is required, Defendants deny that plaintiffs are entitled to any relief.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to set forth a live case or controversy and, accordingly, this Court lacks subject matter jurisdiction over plaintiffs' claims.

### Second Affirmative Defense

The Complaint fails to state a claim under the Energy Policy Act of 2005, Pub. L. No. 109-58, § 1811, 119 Stat. 594, 1126–27 (2005).

### Third Affirmative Defense

The Court lacks subject matter jurisdiction to order the relief sought by plaintiffs.

### Fourth Affirmative Defense

Plaintiffs lack standing to pursue their claims.

### Fifth Affirmative Defense

Defendants deny any allegations of the Complaint, whether express or implied, that are not expressly admitted, denied, or qualified herein.

/   /   /

/   /   /

WHEREFORE, Defendants request that the Court dismiss plaintiffs' complaint or enter judgment in favor of the Defendants, deny in all respects Plaintiffs' prayer for relief, and grant such other relief as may be appropriate.

Dated: April 11, 2008

Respectfully submitted,

RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice
Washington, D.C. 20530

/s/David B. Glazer
DAVID B. GLAZER
Natural Resources Section
Environment and Natural Resources Division
United States Department of Justice
301 Howard Street, Suite 1050
San Francisco, California 94105
Telephone:  (415) 744-6491
Facsimile:   (415) 744-6476
E-mail:  david.glazer@usdoj.gov

OF COUNSEL

Richard McNeer, Esq.
Attorney Advisor
Office of the Solicitor
U.S. Department of the Interior